| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:19-CR-38 |
| | § | |
| DESMOND DERAY GATSON | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Desmond Deray Gatson's ("Gatson") Motion in Limine (#35) ("Original Motion") and First Amended Motion in Limine (#41) ("Amended Motion"). The Government filed responses in opposition to Gatson's Original Motion and Amended Motion (#s 39, 42). Having considered the motions, the submissions of the parties, and the applicable law, the court is of the opinion that the Original Motion should be denied as moot and the Amended Motion should be denied.

I. Background

On August 7, 2019, a Grand Jury sitting in the Eastern District of Texas returned a single-count, First Superseding Indictment charging Gatson with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On Tuesday, January 14, 2020, Gatson filed the Original Motion requesting the court to order the Government not to mention or refer to any of Gatson's extraneous offenses and specifically objecting to 4 of the Government's anticipated exhibits—specifically 4 Facebook posts. On January 15, 2020, the Government amended its Exhibit List to include 11 additional posts from Facebook, for a total of 15 Facebook exhibits. That same day, Gatson filed his Amended Motion under the same theory as his Original Motion—that the Facebook posts constitute extraneous acts—and on the additional basis that the Facebook exhibits produced on January 15, 2020, are untimely. On January 16, 2020, the

Government amended its Exhibit List a second time to remove 5 of the more recently added Facebook posts, leaving a total of 10 Facebook exhibits. This order will address the 10 exhibits to which Gatson has objected and which remain on the Government's Exhibit List.

Jury selection and trial are set for Tuesday, January 21, 2020.

II.  Analysis

   A.  Motion in Limine

A motion in limine "is not a definitive ruling on the admissibility of evidence." *EVM Sys., LLC v. REX Med., L.P.*, No. 6:13-CV-184, 2015 WL 11112539, at *1 n.1 (E.D. Tex. Aug. 17, 2015); *Pact XPP Tech., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Pact XPP Tech., AG*, 2012 WL 2774971, at *1; *see Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 188. Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764

n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

    B.    <u>Intrinsic Evidence</u>

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Williams,* 774 F. App'x 871, 878 (5th Cir. 2019); *United States v. Lockhart*, 844 F.3d 501, 501 (5th Cir. 2016); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014), *cert. denied*, 575 U.S. 916 (2015); *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). "'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense, when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime." *United States v. Berreles*, 783 F. App'x 453, 454 (5th Cir. 2019) (quoting *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S. 1007 (2008)); *accord United States v. Lucas*, 849 F.3d 638, 643 (5th Cir. 2017); *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013). "Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *Kinchen*, 729 F.3d at 471 (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)), *cert. denied sub nom. Cormier v. United States*, 562 U.S. 941 (2010); *accord Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019).

3

C. <u>Extrinsic Evidence</u>

Generally, extrinsic evidence of other crimes, wrongs, or other acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Extrinsic evidence under Rule 404(b) is admissible if: (1) it is relevant under Rule 401 to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial effect under Rule 403. *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019); *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979)); *United States v. Jimenez-Elvirez*, 862 F.3d 527, 536 (5th Cir. 2017); *United States v. Melendez-Jimenez*, 667 F. App'x 856, 856 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 674 (2017). The Government "maintain[s] the burden of demonstrating—in every case—that a prior conviction is relevant and admissible under 404(b)." *United States v. Wallace*, 759 F.3d 486, 494 (5th Cir. 2014); *accord Jones*, 930 F.3d at 373; *see United States v. Yeagin*, 927 F.2d 798, 803 (5th Cir. 1991) ("A trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove.").

With regard to the first prong, "[e]vidence of knowledge and intent is critical in constructive-possession cases, as '[a] defendant will often deny any knowledge of a thing found in an area that is placed under his control (e.g., a residence, an automobile) or claim that it was

4

placed there by accident or mistake.'" *United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010) (quoting *United States v. Jones*, 484 F.3d 783, 788 (5th Cir. 2007)). The "paradigmatic constructive possession scenario" in which contraband is found under the defendant's seat in a car presents "a classic case for introducing prior instances of gun possession, since the government would otherwise find it extremely difficult to prove that the charged possession was knowing." *Id.* (quoting *Jones*, 484 F.3d at 788); *accord United States v. Brown*, 765 F.3d 278, 292 (3d Cir. 2014) (holding that defendant's knowledge that the gun was in the car was an appropriate non-propensity purpose for offering the evidence that he had previously used a straw purchaser to obtain firearms). By contrast, such evidence is not as relevant under an actual possession theory where the Government need show only that the defendant was aware that "(1) he physically possesses the thing, and (2) the thing he possesses is contraband." *Williams*, 620 F.3d 489.

In evaluating the second prong, whether the probative value is substantially outweighed by undue prejudice, some of the factors the court must consider include: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Ricard*, 922 F.3d 639, 654 (5th Cir. 2019) (quoting *Smith*, 804 F.3d 724, 736 (5th Cir. 2015)); *Kinchen*, 729 F.3d at 473. "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). "The probative value of extrinsic evidence may be measured by whether and to what extent the accused's motive, intent, or other characteristic 'is established by other evidence, stipulation, or inference.'" *Kinchen*, 729 F.3d at 473 (citing

5

*Beechum*, 582 F.2d at 914); *see Juarez,* 866 F.3d at 627. "Thus, if the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily." *Beechum*, 562 F.2d at 914.

D.   Facebook Posts

Here, Gatson objects to the Government's anticipated trial exhibits that are Facebook posts made by or concerning Gatson (Exhibits 7a through 7j) on the basis that they constitute extraneous acts and that they were untimely produced.

1.   Exhibits 7b, 7e, 7f, 7g, 7i, and 7j

Exhibits 7b, 7e, 7f, and 7g generally contain photographs that Gatson posted to his Facebook account of the vehicle that he was driving when arrested in connection with the alleged offense (the "Vehicle"). Exhibit 7i is a photograph posted to Facebook by another person that shows Gatson with the Vehicle. Exhibit 7j features Facebook comments wherein Gatson indicates that he just got the Vehicle out of the paint shop in response to the photograph posted in Exhibit 7i. The Government asserts that these exhibits constitute intrinsic evidence of the crime charged because they demonstrate Gatson's familiarity with the Vehicle and that he used the Vehicle consistently during the time period in question. The court agrees. The photographs that Gatson posted to Facebook which display the Vehicle or show Gatson in apparent possession of the Vehicle provide context for his operation of the Vehicle immediately before the traffic stop for the charged offense. Moreover, they are admissible to show Gatson's opportunity to possess and store the firearm at issue in the Vehicle, as well as circumstances from which it could interfered that he had knowledge that the firearm was in the Vehicle.

6

2. Exhibits 7a and 7d

Exhibit 7a shows Gatson's Facebook profile and cover photographs, and Exhibit 7d bears Gatson's profile photograph with the caption: "Cool, Calm, and Collected pimpin even when its cold the mission is never over (Money Ova Nonsence Stayin True Alwayz)My Nigga."[1] The Government explains in its response that these two exhibits will be used to identify Gatson as the holder of the Facebook account. These exhibits are not evidence of other crimes, wrongs, or acts and are not introduced "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Government may introduce these exhibits to lay the proper foundation for Exhibits 7b, 7e, 7f, 7g, 7i and 7j.

3. Exhibits 7c and 7h

Exhibit 7c is a photograph of Gatson and two other men, one of whom is holding a firearm. Gatson posted the photo to Facebook with the caption: "Money Ova Nonsence Stayin True Always Pimpin we really do this 4real tho."[2] Exhibit 7h features a photograph that Gatson posted to Facebook of a handgun and multiple one hundred dollar bills, fanned out across a table. Gatson added the following caption to the photo: "My own account make my own MONEY MOVES ' I AM M.O.N.S.T.A.'MONEY OVA NONSENCE STAYIN TRUE ALWAYZ PIMPIN."[3] "M.O.N.S.T.A." appears to be Gatson's mantra and is repeated throughout the Facebook posts at issue in Gatson's Amended Motion. The Government asserts that Exhibits 7c

---

[1] Quoted exactly as stated in the original.

[2] Quoted exactly as stated in the original.

[3] Quoted exactly as stated in the original.

and 7h establish that Gatson had a plan, pattern, and intent to possess the firearm at issue, and that this possession was not by mistake or accident.

Under the first prong of *Beechum*, Exhibits 7c and 7h are relevant under Rule 401 to an issue other than Gatson's character. Because the Government's theory of the case is that Gatson constructively possessed the gun, his intent is at issue. These exhibits are probative to show that Gatson's possession of the firearm in question was not a mistake or accident, but rather was a part of his lifestyle and "M.O.N.S.T.A." ambitions.

Exhibits 7c and 7h satisfy the second prong of the *Beechum* test because the probative value of the proffered evidence does not appear to be substantially outweighed by the danger of unfair prejudice. *See Juarez*, 866 F.3d at 627; *Beechum*, 582 F.2d at 914-15. First, the Government has a greater need for extrinsic evidence when there is a lack of other evidence that is highly probative of a key issue such as intent. *See, e.g.*, *Juarez*, 866 F.3d at 627 (recognizing the government's need for extrinsic evidence when a defendant places intent at issue by pleading not guilty and by denying knowledge of co-conspirator activity); *Smith*, 804 F.3d at 736 (finding first factor satisfied where intent was a significant and disputed issue at trial); *Beechum*, 562 F.2d at 914 ("[I]f the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily."). In this case, Gatson is charged with possession of a firearm by a felon. Exhibits 7c and 7h are evidence of Gatson's intent and knowledge, which is material to prove that he knowingly possessed the firearm, which is essential to the Government's case-in-chief. Thus, this factor weighs in favor of admission.

Second, the court evaluates the similarity of the extrinsic and charged acts. "Similarity is relevant because the more similar the uncharged activity is to the charged offense, the more

8

probative it is." *See United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008). Exhibit 7c shows Gatson smiling and standing directly next to two men, one of whom is holding a firearm. Gatson appears to be holding the elbow of the man's arm that is wielding the weapon. While Gatson is not himself holding the weapon in this photograph, it shows that he enjoys being in close proximity to firearms. Moreover, the caption he placed on the photograph indicates he considers himself to be involved in the depicted lifestyle "4real." Exhibit 7h highlights Gatson's intent to live a "M.O.N.S.T.A." lifestyle and possess a firearm. This factor also weighs in favor of admission.

Third, Gatson posted Exhibit 7c on July 9, 2018, and Exhibit 7h on September 15, 2017. The First Superseding Indictment alleges that the offense was committed on February 8, 2019. Exhibit 7c was posted about 7 months prior to the charged offense, and Exhibit 7h was posted about a year and 4 months prior to the charged offense. Therefore, the posts are not too remote in time. Finally, the jury may assign the appropriate weight to the evidence, and any undue prejudice may be remedied with a proper jury instruction. Therefore, the Government has fulfilled the second prong of the *Beechum* test.

Consistent with the foregoing authorities, Exhibits 7c and 7h are relevant to intent and issues other than Gatson's character, such as motive, plan, knowledge, absence of mistake, and lack of accident in the instant case. In addition, the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice, confusion, or delay.

Gatson also objects to the timeliness of the Government's disclosure of the Facebook posts. Under Rule 404(b), on request by the defendant, the Government must "provide reasonable notice of the general nature of any such [extrinsic] evidence that the prosecutor intends to offer at trial"

9

and must "do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." FED. R. EVID. 404(b). The Scheduling Order, dated July 29, 2019, provided the Government 5 days after the arraignment or the date of receipt of the Scheduling Order by Gatson, whichever occurred first, to "[d]isclose to Defendant's attorney evidence of Defendant's other crimes, wrongs, or acts which—although inadmissible to prove Defendant's bad character—the government believes to be admissible for other purposes . . . ." The Scheduling Order further states: "Any duty of disclosure and discovery set forth in this Order is a continuing one." Because the court has ruled that only Exhibits 7c and 7h constitute extrinsic evidence, they are the only two exhibits subject to the notice provisions of Rule 404(b).

Other than requiring pretrial notice, Rule 404(b) states no specific time limits in recognition of the fact that what constitutes reasonable notice will depend largely on the circumstances of each case. *United States v. Charles*, 3 F.3d 436, 1993 WL 346909, at *3 (5th Cir. 1993). Additionally, Rule 404 requires that the Government give notice only of the "general nature" of the evidence. Thus, the determination of whether the Government has complied with the rule's reasonable notice requirement "properly lies within the discretion of the district court." *Id.*; *see United States v. Lewis*, 544 F. App'x 400, 404 (5th Cir. 2013). The rule is intended to "reduce surprise and promote early resolution on the issue of admissibility." *United States v. Heard*, 709 F.3d 413, 431 (5th Cir. 2013).

Here, the first 4 Facebook exhibits, which include Exhibit 7c, were disclosed January 10, 2020, 10 days before trial is set to begin. The remainder of the Facebook exhibits, which include Exhibit 7h, were disclosed January 15, 2020, almost a week before trial. Although these exhibits were disclosed after the time period set forth in the Scheduling Order, the Government explains

that it immediately made disclosure of the Facebook posts when it received them from its case agent who had been traveling on her honeymoon after the Christmas holidays. Moreover, Gatson did not move for a continuance in response to the new evidence, and the court finds that the disclosure of these 2 photographs, one week before trial, allows defense counsel sufficient time to prepare for trial with respect to these posts. *See United States v. White*, 816 F.3d 976, 984 (8th Cir. 2016) (finding no notice problem when, one week prior to trial, the government gave notice in its trial brief that it intended to introduce evidence of other acts); *Lewis*, 544 F. App'x at 404 (holding defendant did not show prejudice to his substantial rights when the government made disclosure several months after the discovery deadline, but one week before trial). Accordingly, Gatson's objections to the timeliness of the exhibits is overruled.

III. Conclusion

In accordance with the foregoing, Gatson's Motion in Limine (#35) is MOOT, and Gatson's Motion in Limine (#41) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of January, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE